D'Angelo Paul Madlock #0124436
Name

Larned State Correctional Facility

1318 KS. Hwy. 264 Larned KS 67550
Address

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| D'Angelo Paul Madlock, Plaintiff (Full Name) | CASE NO. 24-3028-JWL (To be supplied by the Clerk) |
|---|---|
| V. Defendants Timothy Easley, Billy Cruse David Younger, Charles Perez Defendant(s) and an unknown defendant | CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 |

### A. JURISDICTION

1) D'Angelo Paul Madlock (Plaintiff), is a citizen of Kansas (State) who presently resides at 1318 KS. Hwy. 264 Larned KS 67550 (Mailing address or place of confinement.)

2) Defendant Timothy Easley (Name of first defendant) is a citizen of _____ (City, State), and is employed as Warden at Larned State Correctional Facility (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Defendant Timothy Easley is the Warden of Larned State Correctional Facility. He is legally responsible for the operation of and the welfare of all the inmates of this Prison.

1

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

3) Defendant __David Younger__ is a citizen of
(Name of second defendant)

__Kansas__, and is employed as
(City, state)

__Corrections officer__. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

Defendant David Younger is a corrections officer at Larned State Correctional Facility who at all times mentioned in this complaint held the rank of COI Corperal

(Use the additional pages to furnish the above information for additional defendants.)


4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

(See Attachment)
Labeled B.) Nature
Of the Case

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

## A.) Jurisdiction

4.) Defendant Billy Cruse is a Citizen of Kansas, and is employed as Corrections officer. At the time the Claim(s) alleged in this Complaint arose was this defendant acting under the Color of State law? Yes. Defendant Billy Cruse is a Corrections officer at Larned State Correctional Facility whom at all times mentioned in this Complaint held the rank of CSI (Master Sargent).

5.) Defendant Charles Perez is a Citizen of Kansas, and is employed as a Corrections Officer. At the time the Claim(s) alleged in this complaint arose was this defendant acting under the Color of State law? Yes. Defendant Charles Perez is a corrections officer at Larned State Correctional Facility whom at all times mentioned in this Complaint held the rank of CSII (Lieutenant).

6.) The Unknown Defendant is a Citizen of Kansas, and is employed as Corrections officer. At the time the claim(s) alleged in this Complaint arose was this defendant acting under the Color of State law? Yes. The Unknown defendant is a Corrections officer at Larned State Correctional Facility whom at all times mentioned in this Complaint held a rank that will become known through the proceedings.

Each defendant is sued individually and in his/her official capacity. At all times mentioned in this Complaint, each defendant acted under the color of State law.

## B.) Nature of Case

1.) On May 19, 2024 I was attacked by another inmate. Officers did nothing to intervene or prevent this incident from taking place. The defendants in this case are officials working at Larned State Correctional Facility, a branch working under the jurisdiction of Kansas Department of Corrections. The actions of these defendants were not only reckless, they put me in substantial risk of serious harm that resulted in injury and the violation of my constitutional rights in the VIII Amendment. U.S. Constitution Amendment VIII - The prohibition on cruel and unusual punishment requires prison officials to take reasonable measures to guarantee the saftey of the prisoners. "Farmer v. Brennan 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)" The duty to protect encompasses protecting prisoners from violence at the hands of other prisoners.

    On May 19, 2024 I was approached in the Cafeteria (Chowhall) by another inmate, Kavon Jones I/M #115847 whom showed obvious signs of aggression. We engaged in a verbal altercation, going back and forth with raised voices. Kavon Jones at one point yelled "Keep playing with me, I'm gonna stab the shit out of you. I'm in here for murder." The Chowhall here at Larned Correctional facility is not very big, three Corrections officers were posted in earshot of this threat, one of which was defendant Billy Cruse CSI (Master Sargent). Master Sargent is a superior officer, this comes with greater responsibility. Corrections Officers are given the duty to maintain the saftey and security of the facility and those who reside therein. Whether the defendant didn't notice or ignored this altercation while it was taking place is a failure on his part to uphold the duties given to him. Vigilance, situational awareness, and the ability to act quickly to prevent or stop a situation that is taking place plays a crusial part in providing security.

    This dispute continued after leaving the Chowhall. Myself and Kavon Jones

(Pg.1)

walked from the chowhall and came to the rotunda in front of the cellhouses. In the center of the rotunda is the control room (Bubble). Stationed in this control room is the unknown defendant in this case whose name and title I am unaware of. At this point dispite my efforts to obtain this information the facility refuses to provide it to me without the involvement of the court. The name of this defendant will become known as we proceed with this case. As myself and Kavon Jones came to the rotunda directly in front of the control room and the unknown defendant, I placed my hands in my pockets in an attempt to stand down and not further provoke an altercation. Kavon Jones became angrier and more combative, charging at me, making threats and telling me to put my hands up and fight which I did not. Larned State Correctional Facility (Central) has four general population living units (cellhouses). The purpose of these cellhouses is to divide the inmate population into smaller groups so they are easier to manage. The unknown defendant at the time this incident took place controlled the cellhouse sliders. It was his or her job to allow inmates to exit and enter their respective cellhouses. If you do not live in a certain cellhouse he or she will not let you in. It would be very hard if not impossible not to notice the altercation taking place in front of the defendant if they are doing their job. Kavon Jones lived in F4 cellhouse which opened and he entered, after the F4 slider was secured the F1 slider opened, being housed in F1 I entered and the door secured after me. As I was proceeding to go to my cell I looked up and noticed the F1 slider was being opened for Kavon Jones to come in. According to the statement of defendant David Younger COI which was my cellhouse officer, he saw Kavon Jones enter F1 and did not stop him. The defendant said he saw Kavon Jones enter my cell "cell 105" after ducking something in the doorway. Defendant Younger said he heard a resident say "shank". He goes on to say he sprayed inmate Madlock (Plaintiff) only, then after he realized I was attempting to restrain Kavon Jones he sprayed Jones too. By spraying only the plantiff he gave Jones the upper hand he needed to stab the plaintiff. Prison officials did not uphold my rights or their duty to protect, in fact their actions caused my injury and the violation of my rights.

(Pg.2)

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.) See Attachment Labeled C.) Cause of Action Pg. 1 and 2

A) (1) Count I: Failure to Protect (See Attachment Labeled Count I

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

(See Attachment Labeled Count I

B) (1) Count II: _____

(2) Supporting Facts: _____

3

## C.) Cause of Action

~~[scribbled out line]~~

I allege that my VIII and XIII Amendment rights have been violated. The VIII Amendment prohibits the Federal and State government through the Due Process Clause of the XIII Amendment from inflicting cruel and unusual punishment. U.S. Constitution Amendment VIII - The prohibition on cruel and unusual punishment requires prison officials to take reasonable measures to guarantee the saftey of the prisoners " Farmer v. Brennan 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)". The duty to protect encompasses protecting prisoners from violence at the hands of other prisoners.

To succeed in a failure to protect claim a plaintiff must satisfy three elements.

1.) Prisoner must show he/she was incarcerated in conditions posing a substantial risk of serious harm.

• Larned State Correctional Facility is a maximum security facility housing individuals classified anywhere between the ranges of low medium to ~~[scribbled]~~ maximum security. The classification ~~[scribbled]~~ guidelines show there are different supervision ~~[scribbled]~~ requirements for each individual classification level. Larned State Correctional Facility supervises its inmate population the same with the exception of Restrictive Housing unit and Minimum Security. Not to say Low/High medium inmates are not but, Maximum security inmates pose a higher risk of being violent or combative. At all times relavent I was Low/High medium custody and my attacker was maximum custody. At any given time an individual is in close proximity to Murderers, Rapists, Gang Members, Bank Robber, etc. Being in a prison environment where mass movement takes place without officers in the immediate vicinity poses a substantial risk of serious injury to any individual. Furthermore, prior to the incident until present day, Larned State Correctional Facility maintains normal inmate movement even on days supervisors know prior to the start of shift they are under staffed

(Pg. 1)

2.) Plaintiff must show that prison officials had a sufficiently culpable state of mind, amounting to deliberate indifference.
• As a Corrections officer you are responsible for the saftey and security of the facility and those who reside therein. Training is put in place to insure officers are fully aware of KDOC Rules and Regulations, Policies and Proccedures also, House Rules and General orders of the facility you work in. Officers are made fully aware of who they are meant to protect and how to do so. Officers are issued a rulebook to familiarize themselves with so they know the rules and laws they are put in place to uphold. Several rules, regulations, policies, and proccedures were violated. To see any rules or laws being broken and not intervene at any level or to see any rules or laws being broken and not intervene because an officer does not feel the issue is serious enough satisfies both objective and subjective Deliberate Indifference.

3.) Plaintiff must show Causation- That the Constitutional Violation caused his/her injury.
• Prison officials have the Duty to Protect and maintain the Saftey and security of the facility and those who reside therein. By prison officials not intervening or following protocol in dealing with situations of this nature by seperating inmates and offering Protective Costudy waivers allowing inmates to challenge their saftey violated my Constitutional rights and caused my injury. Reasonable measures were not taken to guarantee my saftey. Also, by spraying the Plaintiff prison officials gave my attacker a significant upper hand.

(Pg. 2)

Count I

A)(1) Count I: Failure to Protect

(2) Supporting Facts:

1.) On May 19, 2024 Plaintiff D'Angelo Paul Madlock was approached in the Cafeteria (Chowhall) by Kavon Jones I/M # 115847

2.) Plaintiff D'Angelo Paul Madlock, and Kavon Jones engaged in a verbal altercation going back and forth with raised voices. Kavon Jones shouted "Keep playing with me, I'm gonna stab the shit out of you. I'm in here for murder.

3.) Defendant Billy Cruse was to my knowlege and belief the superior officer in the chowhall at the time the verbal altercation was initiated and the threat was made to stab the Plaintiff.

4.) Defendant Billy Cruse did not seperate Kavon Jones and Plaintiff or offer Protective custody waivers, which would give the plaintiff the oppertunity to challenge his saftey and chose to go on protective custody until he felt safe or an investigation showed he had no merit to believe he was unsafe.

5.) Kavon Jones and Plaintiff D'Angelo Paul Madlock left the chow hall and came to the rotunda in front of the cellhouses where Plaintiff Madlock placed his hands in his pockets.

6.) Kavon Jones charged at the plaintiff several times attempting to turn the verbal altercation into a physical one.

7.) In the center of the rotunda is the control room (Bubble). Stationed in the control room is the unknown defendant. The control room and the unknown defendant are within ten feet of the altercation that was taking place.

8.) The unknown defendant allowed Kavon Jones to enter his cellhouse (F4), exit after grabbing a home made stabbing device, then enter Plaintiff's cellhouse (F1) where he violently attacked and stabbed the Plaintiff.

9.) Defendant David Younger witnessed Kavon Jones enter the Plaintiffs cell which is in a cell house Kavon Jones did not live in.

(Pg.1)

10.) Defendant David Younger heard a resident say "Shank" making him aware of the presence of a weapon.

11.) Defendant Younger sprayed Plaintiff Madlock only, with a MK4 Streamer (Pepper Spray).

12.) Plaintiff D'Angelo Paul Madlock was stabbed twice in the back of his right shoulder.

13.) Defendant Charles Perez was the Shift Supervisor on May 19, 2024. To my knowlege and belief, the Shift Supervisor is responsible for incidents that take place on their Shift.

14.) Defendant Perez signed off on a DR and wrongfully placed Plaintiff in the restrictive housing unit for Fighting and Dangerous contraband when review of the incident shows the elements were Self Defense from Battery with a weapon.

15.) Defendant Timothy Easley is the warden of Larned State Correctional Facility. It is my knowlege and belief he is legally responsible for the operation of Larned State Correctional Facility and for the welfare of the inmates of that Prison.

(Pg. 2)

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

      Plaintiffs: _____

      Defendants: _____

   b) Name of court and docket number _____

      _____

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

      _____

   d) Issues raised _____

      _____

4

## D.) Previous Lawsuits and Administrative Relief

1.) I have previously sought informal and formal relief from the appropriate administrative officials regarding the acts complained of in part C.

On Jun. 3, 2024 I filed a Lost/Damaged Property or Personal Injury Claim which was denied with no actions taken. After a preliminary investigation, it was determined that I had failed to file the claim in a timely manner.

On Jun. 19, 2024 I sent form 9s to Defendants Jim Graham and Billy Cruse about the incident of May 19, 2024 and their involvement. I recieved no response.

On Jul. 11, 2024 I filed a Grievance complaint in regards to the unanswered form 9s (Informal resolutions) and the incident from May 19, 2024. ~~Unit team manager Travis Getty responded he stated~~ In my Grievance I requested: 1.) Acknowlegment of the incident. 2.) The staff involved be held accountable. 3.) I recieve an apology. At that time those were my demands and if they were granted I would have been completly satisfied with the outcome.

On Jul. 17, 2024 I recieved a response from Unit Team Manager Travis Getty saying "You will not be made aware of any staff disciplinary actions."

On Nov. 28, 2024 I attempted to restart the grievance process. I sent an informal resolution to Unit Team Manager Travis Getty in which he replied "This has already been handled via grievance, No further actions needed."

On Dec. 4, 2024 I filed a grievance complaint about the incident from May 19, 2024, the unanswered Informal resolutions to the Defendants, and the response of Unit team manager Travis Getty. Travis Getty responded with the same reply from the previous Informal resolution.

On Dec. 13, 2024 I escalated my grievance to the warden Defendant Timothy Easley.

On Dec. 24, 2024 I recieved a notice bearing the KDOC Letter head stating my issue was considered closed for reasons pursuant to KAR 44-15-101b Time limits for filing grievance.

    e) Approximate date of filing lawsuit _____

    f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

_See Attachment Labeled D. Previous Lawsuits and Administrative Relief_

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

_See Attachment Labeled 2.) Request For Relief_

_____       _____[signature]_____
Signature of Attorney (if any)                      Signature of Plaintiff

_____
(Attorney's full address and telephone number)

5

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

## 2.) Request For Relief

1.) I believe I am entitled to the following relief:

1.) Granting Plaintiff Madlock a declaration that the acts and omissions described herein violate his rights under the constitution and laws of the United States, and a preliminary injunction ordering Defendants David Younger and Billy Cruse undergo training.

2.) Granting Plaintiff Madlock compensatory damages in the amount of $75,000 against each defendant, jointly and severally.

3.) Plaintiff seeks compensatory damages in the amount of $10,000 against the unknown defendant and defendant Younger only.

4.) Plaintiff seeks nominal damages and punitive damages in the amount of $75,000. Plaintiff Madlock seeks these damages against each defendant, jointly and severally.

5.) Plaintiff also seeks a jury trial on all issues triable by jury.

6.) Plaintiff also seeks recovery of his court costs in this suit, and any additional relief this court deems just, proper, and equitable.

Dated:

Respectfully submitted, D'Angelo Paul Madlock #0124936
Larned State Correctional Facility
1318 KS. Hwy. 264
Larned, KS 67550

I D'Angelo Paul Madlock am filing this case with the United States District Court of Kansas against defendants that are and were at the time of my aligations Prison officials Working at Larned State Correctional Facility, a branch Working under the Jurisdiction of Kansas Department of Corrections.

The aligations are against the defendants that are Prison officials that played a direct or indirect role in allowing the conflict of May 19, 2024 that resulted in my injury and the violation of my rights under the United States Constitution.

To my knowlege, Up until this time no criminal charges have been filed against Kavon Jones I/M # 115847 whom is the other inmate that was involved in the altercation that took place on May 19, 2024. I hereby request the name of Kavon Jones be omitted from the official record as it is not relivant to the case.

I am filing my case against Prison officials working at the Larned State Correctional Facility. In doing so I am not seeking legal actions be taken against Kavon Jones. Any charges that may be brought against Kavon Jones are not at my behest and should very well be seen as being done so in retaliation of my aligations against Prison officials at Larned State Correctional Facility.

Dated:

I D'Angelo Paul Madlock do swear or affirm under Penalty of Perjury that the above statements are truthful to my knowlege and belief.

Respectfully Submitted, D'Angelo Paul Madlock # 0124436
Larned State Correctional Facility
1318 KS. Hwy. 264
Larned, Ks  67550

D'Angelo Paul Madlock