IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'ANGELO PAUL MADLOCK,

                Plaintiff,

v.                                                       CASE NO. 25-3028-JWL

TIMOTHY EASLEY, ET AL.,

                Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner D'Angelo Paul Madlock, who is housed at Larned State Correctional Facility (LSCF) in Larned, Kansas. Plaintiff was granted leave to proceed in forma pauperis (Doc. 4) and has now paid the initial partial filing fee.

**I.    Nature of the Matter before the Court**

In the complaint, Plaintiff names as Defendants LSCF Warden Timothy Easley and four LSCF corrections officers: Billy Cruse, David Younger, Charles Perez, and one individual whose first and last name are as yet unknown. (Doc. 1, p. 1-3.) As the background of this case, Plaintiff alleges that on May 19, 2024, another LSCF inmate named Kavon Jones approached him in the LSCF cafeteria. *Id.* at 4. At the time, Plaintiff was classified as a low/high medium security inmate and was housed in F1 cellhouse, while Jones was classified as a maximum security inmate and was housed in F4 cellhouse. *Id.* at 5, 7. Jones began a verbal altercation with Plaintiff. *Id.* at 4.

Plaintiff explains that the LSCF cafeteria is not very big and three corrections officers, including Defendant Cruse, a master sergeant and LSCF superior officer, were within earshot of the altercation. *Id.* Both Plaintiff and Jones raised their voices during the argument and at one

1

point, Jones yelled, "'Keep playing with me, I'm gonna [sic] stab the shit out of you. I'm in here for murder.'" *Id.* Neither Defendant Cruse nor any other corrections officer intervened, attempted to separate Plaintiff and Jones, or offered protective custody to Plaintiff. *Id.* at 9.

Plaintiff and Jones left the cafeteria and walked to the LSCF rotunda. *Id.* at 4-5. Plaintiff states that there is a security control room, also called the bubble, in the middle of the rotunda, from which an LSCF officer controls the sliding gates, called "sliders," that provide access to each of four general population cellhouses, F1 through F4. *Id.* at 5. The officer in the control room at the time of these events is the unnamed Defendant in this matter; he or she was responsible for opening the sliders to allow inmates to pass into or out of their cellhouses. *Id.* at 5, 9. Inmates are not allowed into cellhouses in which they do not live. *Id.* at 5.

The verbal dispute between Plaintiff and Jones continued into the rotunda and to within 10 feet of the front of the control room. *Id.* at 4-5, 9. Jones became angrier, again threatening Plaintiff and telling him to put up his hands and fight. *Id.* at 5. Jones charged at Plaintiff several times in an attempt to provoke Plaintiff to physically fight him. *Id.* at 9. Plaintiff instead put his hands into his pockets. *Id.* at 5. When the slider to F4 opened, Jones went through and it closed behind him. *Id.* After the F4 slider was secured, the officer in the control room opened the slider to F1 so that Plaintiff could enter F1, then closed and secured it behind Plaintiff. *Id.*

As Plaintiff walked toward his cell, he saw the F1 slider opening to allow Jones to enter F1 cellhouse. *Id.* Defendant David Younger was the F1 cellhouse officer on duty and he saw Jones enter F1 and enter Plaintiff's cell but made no attempt to stop him. *Id.* Younger then heard another inmate say "shank," so he went to Plaintiff's cell and pepper-sprayed at Plaintiff only, apparently not realizing that Plaintiff was attempting to restrain Jones. *Id.* at 10. Plaintiff being pepper-sprayed gave Jones the upper hand in the physical altercation and he stabbed Plaintiff twice in the back of

2

his right shoulder. *Id.* at 8, 10. Only at that point did Defendant Younger spray Jones with the pepper spray. *Id.* at 5. Defendant Charles Perez, who was the shift supervisor that day, signed off on a resulting disciplinary report that placed Plaintiff into the restrictive housing unit on charges of fighting and possessing dangerous contraband. *Id.* at 10.

As the sole count in this action, Plaintiff alleges that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution when they failed to protect him from Jones. *Id.* at 6-7. He seeks declaratory relief, an injunction directing Defendants Younger and Cruse to undergo training, money damages, and the recovery of court costs. *Id.* at 14.

## II.     Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### III. Discussion

#### A. Personal Participation

Defendants Easley and Perez are subject to dismissal from this matter because Plaintiff has failed to allege these Defendants' personal participation in a constitutional violation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Even liberally construing the complaint, the only factual allegations involving Defendant Easley are that (1) as warden of LSCF, he "is legally responsible for the operation of and the welfare of all the inmates of this prison," and (2) in December 2024, Plaintiff escalated to Defendant Easley a grievance related to the events underlying this case. (Doc. 1, p. 1, 10, 12.) Similarly, the only factual allegations involving Defendant Perez are that (1) as shift supervisor on the day of the events, he was "responsible for incidents that take place on [his] shift," and (2) he later signed off on a related disciplinary report. *Id.* at 10. As noted above, supervisory liability does not apply in § 1983 suits, so allegations of supervisory responsibility are not sufficient to state a plausible claim for relief. Nor is the allegation that Defendant Easley denied a grievance. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983).

That leaves only the allegation that Defendant Perez signed off on a disciplinary report sending Plaintiff to the restrictive housing unit for fighting and possession of dangerous contraband. First, the alleged constitutional violation in this matter is the failure to protect Plaintiff from harm at the hands of Jones. Any disciplinary report signed by Defendant Perez was not part of the constitutional violation because Jones had already attacked Plaintiff by the time the disciplinary report was written. Second, to the extent that Plaintiff believes the disciplinary action itself violated his constitutional rights because he was acting in self-defense, the complaint does not allege facts that support a plausible claim for relief.

Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions" unless the disciplinary conviction has already been invalidated. *See Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule also applies when a prisoner challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648. Even liberally construing the complaint in this matter and taking all factual allegations therein as true, Plaintiff has not shown that the disciplinary action of which he complains has been invalidated.

Accordingly, because Plaintiff has failed to allege their sufficient personal participation in a constitutional violation, Defendants Easley and Perez are subject to dismissal from this action. Plaintiff will be given time in which to show cause, in writing, why Defendants Easley and Perez should not be dismissed.

**B.  Relief Requested**

Plaintiff seeks to sue each Defendant individually and in his or her official capacity and, as relief, he seeks both money damages and injunctive relief. (Doc. 1, p. 3, 14.) "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). This is because "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus,

6

Plaintiff's request for money damages from Defendants in their official capacities and his request for injunctive relief against Defendants in their individual capacities are subject to dismissal.

### IV. Motion to Appoint Counsel (Doc. 3)

Also before the Court is Plaintiff's motion to appoint counsel. (Doc. 3.) Plaintiff sets forth his attempts to obtain counsel independently and he asserts that he must be "represented by someone with a degree to stand any chance." *Id.* at 4. As Plaintiff is aware, there is no constitutional right to appointment of counsel in a civil case. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes that Plaintiff's sole claim in this matter is not overly complex and Plaintiff has thus far adequately presented the relevant facts and his arguments. Thus, the Court will deny the motion to appoint counsel (Doc. 3) at this time but will deny it without prejudice to refiling if the material circumstances change.

### V. Conclusion

For the reasons set forth above, Plaintiff is required to show cause, in writing, why

Defendants Easley and Perez should not be dismissed from this matter because the complaint does not sufficiently allege their personal participation in an alleged constitutional violation. In addition, Plaintiff is required to show cause, in writing, why the Court should not dismiss Plaintiff's requests for money damages from Defendants in their official capacities and his requests for injunctive relief against Defendants in their individual capacities.[1] If Plaintiff fails to do so or fails to respond to this order, the Court—without further prior notice to Plaintiff—will enter an order dismissing Defendant Easley, Defendant Perez, and the improper requests for relief.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice**. Plaintiff is granted to and including **March 28, 2025**, in which to show good cause, in writing, why Defendant Easley, Defendant Perez, Plaintiff's requests for injunctive relief against Defendants in their individual capacities, and his requests for money damages from Defendants in their official capacities should not be dismissed for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:  This 27th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] To be clear, Plaintiff's requests for money damages from Defendants in their individual capacities and his request for injunctive relief against Defendants in their official capacities are not subject to dismissal at this time.