IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'ANGELO PAUL MADLOCK,

    **Plaintiff,**

    v.                                                        CASE NO. 25-3028-JWL

TIMOTHY EASLEY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner D'Angelo Paul Madlock brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at Larned State Correctional Facility (LSCF) in Larned, Kansas and he has been granted leave to proceed in forma pauperis. He filed this matter in February 2025 (Doc. 1) and it now comes before the Court on Plaintiff's response to the memorandum and order to show cause issued by the Court on February 27, 2025. For the reasons explained below, Defendants Timothy Easley and Charles Perez will be dismissed from this matter, as will Plaintiff's requests for injunctive relief against the remaining Defendants in their individual capacities and his requests for money damages from them in their official capacities. Plaintiff's request to amend his complaint to add another defendant also will be denied. As to the claims against the remaining Defendants, the Court concludes that a responsive pleading is required. Thus, the Court will enter a separate e-service order directing service on the remaining three Defendants.

**I.    The Complaint (Doc. 1)**

Plaintiff names as Defendants LSCF Warden Timothy Easley and four LSCF corrections officers: Billy Cruse, David Younger, Charles Perez, and one individual whose first and last name

1

are as yet unknown. (Doc. 1, p. 1-3.) As the background of this case, Plaintiff alleges that on May 19, 2024, another LSCF inmate named Kavon Jones approached him in the LSCF cafeteria. *Id.* at 4. At the time, Plaintiff was classified as a low/high medium security inmate and was housed in F1 cellhouse, while Jones was classified as a maximum security inmate and was housed in F4 cellhouse. *Id.* at 5, 7. Jones began a verbal altercation with Plaintiff. *Id.* at 4.

Plaintiff explains that the LSCF cafeteria is not very big and three corrections officers, including Defendant Cruse, a master sergeant and LSCF superior officer, were within earshot of the altercation. *Id.* Both Plaintiff and Jones raised their voices during the argument and at one point, Jones yelled, "'Keep playing with me, I'm gonna [*sic*] stab the shit out of you. I'm in here for murder.'" *Id.* Neither Defendant Cruse nor any other corrections officer intervened, attempted to separate Plaintiff and Jones, or offered protective custody to Plaintiff. *Id.* at 9.

Plaintiff and Jones left the cafeteria and walked to the LSCF rotunda. *Id.* at 4-5. Plaintiff states that there is a security control room, also called the bubble, in the middle of the rotunda, from which an LSCF officer controls the sliding gates, called "sliders," that provide access to each of four general population cellhouses, F1 through F4. *Id.* at 5. The officer in the control room at the time of these events is the unnamed Defendant in this matter; he or she was responsible for opening the sliders to allow inmates to pass into or out of their cellhouses. *Id.* at 5, 9. Inmates are not allowed into cellhouses in which they do not live. *Id.* at 5.

The verbal dispute between Plaintiff and Jones continued into the rotunda and to within 10 feet of the front of the control room. *Id.* at 4-5, 9. Jones became angrier, again threatening Plaintiff and telling him to put up his hands and fight. *Id.* at 5. Jones charged at Plaintiff several times in an attempt to provoke Plaintiff to physically fight him. *Id.* at 9. Plaintiff instead put his hands into his pockets. *Id.* at 5. When the slider to F4 opened, Jones went through and it closed behind him. *Id.*

2

After the F4 slider was secured, the officer in the control room opened the slider to F1 so that Plaintiff could enter F1, then closed and secured it behind Plaintiff. *Id.*

As Plaintiff walked toward his cell, he saw the F1 slider opening to allow Jones to enter F1 cellhouse. *Id.* Defendant David Younger was the F1 cellhouse officer on duty and he saw Jones enter F1 and enter Plaintiff's cell but made no attempt to stop him. *Id.* Younger then heard another inmate say "shank," so he went to Plaintiff's cell and pepper-sprayed at Plaintiff only, apparently not realizing that Plaintiff was attempting to restrain Jones. *Id.* at 10. Plaintiff being pepper-sprayed gave Jones the upper hand in the physical altercation and he stabbed Plaintiff twice in the back of his right shoulder. *Id.* at 8, 10. Only at that point did Defendant Younger spray Jones with the pepper spray. *Id.* at 5. Defendant Charles Perez, who was the shift supervisor that day, signed off on a resulting disciplinary report that placed Plaintiff into the restrictive housing unit on charges of fighting and possessing dangerous contraband. *Id.* at 10.

As the sole count in this action, Plaintiff alleges that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution when they failed to protect him from Jones. *Id.* at 6-7. He seeks declaratory relief, an injunction directing Defendants Younger and Cruse to undergo training, money damages, and the recovery of court costs. *Id.* at 14.

**II.     The Memorandum and Order to Show Cause (MOSC)**

Because Plaintiff is a prisoner, the Court is required by statute to screen his second amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted this required screening and, on February 27, 2025, issued an MOSC explaining, in relevant part:

Defendants Easley and Perez are subject to dismissal from this matter because Plaintiff has failed to allege these Defendants' personal participation in a constitutional violation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Even liberally construing the complaint, the only factual allegations involving Defendant Easley are that (1) as warden of LSCF, he "is legally responsible for the operation of and the welfare of all the inmates of this prison," and (2) in December 2024, Plaintiff escalated to Defendant Easley a grievance related to the events underlying this case. (Doc. 1, p. 1, 10, 12.) Similarly, the only factual allegations involving Defendant Perez are that (1) as shift supervisor on the day of the events, he was "responsible for incidents that take place on [his] shift," and (2) he later signed off on a related disciplinary report. *Id.* at 10. As noted above, supervisory liability does not apply in § 1983 suits, so allegations of supervisory responsibility are not sufficient to state a plausible claim for relief. Nor is the allegation that Defendant Easley denied a grievance. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983).

That leaves only the allegation that Defendant Perez signed off on a disciplinary report sending Plaintiff to the restrictive housing unit for fighting and possession of dangerous contraband. First, the alleged constitutional violation in this matter is the failure to protect Plaintiff from harm at the hands of Jones. Any disciplinary report signed by Defendant Perez was not part of the constitutional violation because Jones had already attacked Plaintiff by the time the disciplinary report was written. Second, to the extent that Plaintiff believes the disciplinary action itself violated his constitutional rights because he was acting in self-defense, the complaint does not allege facts that support a plausible claim for relief.

Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions" unless the disciplinary conviction has already been invalidated. *See Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v.*

4

> *Humphrey*, 512 U.S. 477, 487 (1994)). This rule also applies when a prisoner challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648. Even liberally construing the complaint in this matter and taking all factual allegations therein as true, Plaintiff has not shown that the disciplinary action of which he complains has been invalidated.
>
> Accordingly, because Plaintiff has failed to allege their sufficient personal participation in a constitutional violation, Defendants Easley and Perez are subject to dismissal from this action. Plaintiff will be given time in which to show cause, in writing, why Defendants Easley and Perez should not be dismissed.
>
> . . . .
>
> Plaintiff seeks to sue each Defendant individually and in his or her official capacity and, as relief, he seeks both money damages and injunctive relief. (Doc. 1, p. 3, 14.) "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). This is because "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus, Plaintiff's request for money damages from Defendants in their official capacities and his request for injunctive relief against Defendants in their individual capacities are subject to dismissal.

(Doc. 5, p. 4-7.)

The MOSC therefore directed Plaintiff to show cause why Defendants Easley and Perez should not be dismissed from this matter and why the Court should not dismiss Plaintiff's request for money damages from Defendants in their official capacities and his request for injunctive relief against Defendants in their individual capacities. *Id.* at 7-8. Plaintiff timely filed his response (Doc. 6).

**III.   Discussion**

In his response to the MOSC, Plaintiff agrees that Defendant Perez should be dismissed from this matter. (Doc. 6, p. 1.) He asserts, however, that Defendant Easley should not be dismissed because Defendant Easley's role as LSCF Warden "makes him liable or responsible for what goes on in the [f]acility." *Id.* Plaintiff also alleges that Defendant Easley has demonstrated "deliberate

5

indifference by failing to properly train officers or make sure officers are mentally equip[ped] to p[er]form their duties." *Id.*

Plaintiff's arguments regarding Defendant Easley are not persuasive because, as explained in the MOSC, supervisory liability, also called vicarious liability, is not applicable in a civil rights action brought under 42 U.S.C. § 1983. (*See* Doc. 5, p. 4-5.) To plead the type of personal participation required to state a plausible § 1983 claim for relief against an individual, a plaintiff must allege more than that individual's authority over the individuals who actually committed the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because Plaintiff has not alleged sufficient personal participation by Defendant Easley, Defendant Easley will be dismissed from this matter.

In addition, Plaintiff seeks permission to amend his complaint to add as a Defendant Jim Graham. (Doc. 6, p. 1.) Plaintiff alleges that Mr. Graham's role as head of security at LSCF "makes it his personal responsibility to train officers on how to perform their duties," meaning that "[a]ny failure to protect by the officers . . . falls on Jim Graham before it falls on Timothy Easley." *Id.*

Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff is entitled to amend his pleading, or complaint, "once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2). However, "'a district court may withhold leave to amend if the amendment would be futile.'" *See Johnson v. Metropolitan Property and Cas. Ins. Co.*, 97 F.4th 1223, 1232 (10th Cir. 2024).

To the extent that Plaintiff seeks this Court's leave to amend his complaint to add Jim Graham as a defendant, the Court denies such amendment. Just as supervisory liability—also called vicarious liability—is insufficient to support a plausible claim for relief against Defendant

Easley, it is insufficient to support a plausible claim for relief against Mr. Graham. Simply put, there is no indication now before this Court that Mr. Graham personally participated in a violation of Plaintiff's constitutional rights. Thus, Plaintiff has not alleged facts that state a plausible claim for relief against Mr. Graham and amending the complaint to name him as a defendant would be futile, since he would be immediately subject to dismissal for failure to state a claim.

Finally, the Court notes that Plaintiff's response to the MOSC does not address Plaintiff's claims against Defendants in their individual capacities for injunctive relief or his claims against Defendants in their official capacities for money damages. Accordingly, those requests for relief will be dismissed from this matter.

## IV.  Conclusion

To summarize, Defendant Easley and Defendant Perez will be dismissed from this matter because the complaint fails to allege their personal participation in the allegedly unconstitutional acts. Moreover, to the extent that Plaintiff seeks monetary relief from Defendants in their official capacities or seeks injunctive relief against Defendants in their individual capacities, such requests will be dismissed. With respect to the remaining Defendants, the Court concludes that a responsive pleading is necessary. Because Plaintiff is proceeding in forma pauperis, the Clerk of Court must undertake service of process under 28 U.S.C. § 1915(d). The Court will enter a separate order directing service on the remaining Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Easley and Perez are dismissed from this matter because Plaintiff has failed to state a plausible claim for relief against them. Plaintiff's requests for injunctive relief against the remaining Defendants in their individual capacities and his requests from money damages against them in their official capacities

7

are also dismissed. His request to amend is denied. A separate e-service order will be entered regarding the remaining Defendants.

**IT IS SO ORDERED**.

**Dated March 31, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**