IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D'ANGELO PAUL MADLOCK,

                Plaintiff,

v.

BILLY CRUSE, et al.

                Defendants.

Case No. 25-3028-DDC-GEB

**MEMORANDUM AND ORDER**

Pro se[1] plaintiff D'Angelo Paul Madlock, a state prisoner incarcerated at Larned State Correctional Facility, filed this lawsuit after another inmate stabbed him. He claims that defendants Billy Cruse, David Younger, and a third unknown person—all corrections officers at Larned—violated his Eighth Amendment rights when they failed to protect him. Defendants have filed a Motion to Dismiss (Doc. 13), asserting they deserve qualified immunity. Plaintiff hasn't filed a response brief. His failure sounds the death knell for his lawsuit. By failing to respond, plaintiff has failed to shoulder his heavy qualified-immunity burden. The court explains this result, below.

---

[1]    Plaintiff proceeds pro se. The court construes plaintiff's filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

I.     **Background**

Because the details of plaintiff's allegations aren't material to this Order, the court just offers a brief overview of plaintiff's Complaint.² Plaintiff alleges that another inmate stabbed him twice in his shoulder. Doc. 1 at 10. Simply put, he places the blame for this stabbing on defendants, who, he says, acted in reckless disregard for his wellbeing by failing to protect him. *Id.* at 4. Plaintiff brings a single claim against defendants for violating the Eighth and Fourteenth Amendments. Doc. 7 at 3.

The court now outlines the governing legal standard for a motion to dismiss under Rule 12(b)(6).

II.    **Legal Standard**

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

---

² For a more detailed explanation of plaintiff's Complaint, *see* Doc. 5 and Doc. 7.

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.      Analysis

The thrust of defendants' motion asserts that they deserve qualified immunity. They argue both that they didn't violate plaintiff's constitutional rights and that any alleged violation wasn't clearly established at the time. Doc. 14 at 6–13. This Order explains the law governing qualified immunity and then explains why plaintiff's failure to respond requires the court to dismiss his claims.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Once a defendant has "asserted the defense of qualified immunity, the burden is on Plaintiffs to establish their right to proceed." *Matthews v. Bergdorf*, 889 F.3d 1136, 1143 (10th Cir. 2018). A qualified-immunity analysis has "two prongs: whether the facts suffice to show a legal violation and whether that law was clearly established at the time of the alleged violation." *Clerkley v. Holcomb*, 121 F.4th 1359, 1363 (10th Cir. 2024) (quotation cleaned up).

Plaintiff here has failed to respond to defendants' assertions of qualified immunity. By declining to file a brief addressing qualified immunity, plaintiff necessarily has failed to carry his

"heavy two-part burden." *Montgomery v. Cruz*, No. 23-1315, 2026 WL 32061, at *1 (10th Cir. Jan. 6, 2026) (published) (quotation cleaned up).  Ample case law supports this conclusion.  Take, for instance, *Smith v. McCord*, 707 F.3d 1161 (10th Cir. 2013).  There, defendants filed a motion for summary judgment asserting qualified immunity.  *Id.* at 1162.  And plaintiff, though his counsel filed a response brief, "didn't even try to meet" his qualified-immunity burden.  *Id.*  "His response brief failed even to include the terms 'qualified immunity' or 'clearly established.'"  *Id.*  Our Circuit affirmed "the district court's unassailable conclusion" that, by failing to brief the issue, plaintiff "failed to carry the burden assigned him by law."  *Id.*  *Smith* thus holds that a plaintiff can't shoulder his heavy qualified-immunity burden when he wholly fails to brief the issue.  Our Circuit repeatedly has reaffirmed this principle.  *E.g.*, *Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016) ("Plaintiffs failed to carry their burden of showing that [defendant] violated clearly established federal law because their counsel did not make any legal argument in the district court to rebut qualified immunity."); *Rojas v. Anderson*, 727 F.3d 1000, 1005–06 (10th Cir. 2013) (affirming dismissal on qualified-immunity grounds based on "the sparsity of Plaintiff's argument and his failure to point to any authority to support his claims"); *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *7 (10th Cir. Apr. 5, 2024) (affirming district court's order granting summary judgment based on qualified immunity where plaintiff didn't respond timely).

Based on this authority, our court routinely dismisses cases based on qualified immunity where plaintiffs have failed to file response briefs.  *E.g.*, *Babakr v. Fowles*, No. 20-cv-2037-EFM, 2023 WL 183837, at *6 (D. Kan. Jan. 13, 2023) ("By failing to submit a timely response, Plaintiff has in effect waived his chance to meet his burden in overcoming qualified immunity."), *aff'd*, No. 23-3026, 2024 WL 1479693 (10th Cir. Apr. 5, 2024); *Waterman v. Tippie*, No. 18-

4

3092-JWB-KGG, 2023 WL 2734334, at *5 (D. Kan. Mar. 31, 2023) (concluding defendants deserved qualified immunity where plaintiff failed to file response brief); *Kelley v. Wright*, No. 19-CV-02278-JAR-JPO, 2019 WL 6700375, at *11 (D. Kan. Dec. 9, 2019) (granting motion for judgment on the pleadings and dismissing case with prejudice where plaintiff "failed to respond to Defendants' motion raising qualified immunity and therefore" failed to meet "his burden of establishing that the rights in question were clearly established at the time"). And our court applies this rule to pro se litigants, too. *See Babakr*, 2023 WL 183837, at *6 (explaining that overlooking plaintiff's failure to respond "is something the Court cannot do even for a pro se plaintiff"); *Kelley*, 2019 WL 6700375, at *11 (applying waiver rule to pro se litigant).

This case law requires the court to grant defendants' motion and dismiss plaintiff's Complaint. *See Babakr*, 2024 WL 1479693, at *7 ("[T]he plaintiff's failure to meet his burden 'requires' the court to grant qualified immunity." (quoting *Paugh v. Uintah County*, 47 F.4th 1139, 1153 (10th Cir. 2022))). Defendants filed a fulsome brief asserting qualified immunity. By failing to file a response brief, plaintiff "didn't even try to meet" his heavy qualified-immunity burden. *Smith*, 707 F.3d at 1162. So, defendants deserve qualified immunity. The court thus grants defendants' Motion to Dismiss (Doc. 13), and it dismisses this case with prejudice.[3] The court directs the Clerk of Court to enter Judgment consistent with this Order and close this case.[4]

---

[3] The court dismisses the Complaint with prejudice because amendment couldn't cure plaintiff's failure to confront defendants' assertion of qualified immunity. *See, e.g.*, *Kelley*, 2019 WL 6700375, at *11 (dismissing case with prejudice after plaintiff failed to file brief addressing qualified immunity); *Johnston v. Prairie View, Inc.*, No. 19-cv-02041-HLT, 2020 WL 2025499, at *7 (D. Kan. Apr. 27, 2020) (same); *see also Lamle v. Eads*, 134 F.4th 562, 567 (10th Cir. 2025) (affirming "dismissal with prejudice" because defendant was "entitled to qualified immunity on the claims for damages").

[4] Because the court dismisses plaintiff's Complaint based on defendants' assertion of qualified immunity, it needn't reach defendants' exhaustion arguments. *See* Doc. 14 at 13–14.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 13) is granted.  The court directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

**Dated this 16th day of January, 2026, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
